IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| GEORGE WILLIAM PARRISH,<br><br>    Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | Cause No. CV 12-20-M-DLC-JCL<br><br>ORDER and<br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On February 9, 2012, Petitioner George William Parrish moved to proceed in forma pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Parrish is a state prisoner proceeding pro se.

After reviewing the motion and supporting account statement, I find that Parrish has sufficiently shown that he will not be able to pay all costs that may be associated with this action. The motion will be granted.

The instant petition is Parrish's second under § 2254. He filed his first petition on April 11, 2011. He made the same claim under *Batson v. Kentucky*, 476 U.S. 79,

85-86 (1986), and *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 129 (1994), that he makes in his second petition. His first petition was dismissed with prejudice as time-barred on July 27, 2011. A certificate of appealability was also denied. *See* Order (doc. 14) at 3, *Parrish v. Mahoney*, No. CV 11-54-M-DWM-JCL (D. Mont. judgment entered July 27, 2011). Parrish did not appeal.

Because the instant petition is Parrish's second, this Court lacks jurisdiction to consider it unless Parrish first obtains leave from the Court of Appeals to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). While the Court of Appeals would have jurisdiction over an application for leave to file a second or successive petition, transfer to that court is not in the interest of justice. 28 U.S.C. § 1631. The second petition is more untimely than the first. 28 U.S.C. § 2244(d)(1)(A). Dismissal is appropriate.

A certificate of appealability is not warranted. Even assuming that Parrish makes a substantial showing that he was deprived of a constitutional right under *Batson* and *J.E.B.*, *see* 28 U.S.C. § 2253(c)(2), the Supreme Court's decision in *Burton* precludes any doubt about this Court's lack of jurisdiction, *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

2

Based on the foregoing, the Court enters the following:

**ORDER**

Parrish's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

**RECOMMENDATION**

1. The petition should be DISMISSED for lack of jurisdiction as an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(3)(A);

2. The Clerk of Court should be directed to enter a judgment of dismissal; and

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Parrish may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Parrish files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Parrish from relying

3

on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Parrish must immediately advise the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under this Cause Number. Failure to do so may result in dismissal of the action without notice to him.

DATED this 9th day of February, 2012.

       /s/ Jeremiah C. Lynch
       Jeremiah C. Lynch
       United States Magistrate Judge